**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 2:24-cr-00655** |
| | ) | |
| | ) | |
| **EUROBULK LTD.** | ) | |

## GOVERNMENT'S UNOPPOSED MOTION FOR WHISTLEBLOWER AWARD

NOW COMES the United States of America, and files this Unopposed Motion for Whistleblower Award and in support thereof avers the following.

### SUMMARY OF REQUEST

The United States respectfully moves the Court to award $281,250 (USD), attributable to Eurobulk Ltd.'s ("EUROBULK") violation of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a) ("APPS")[1], to Danut Visinoae, a cooperating former crewmember from the *M/V Good Heart*. For the reasons explained below, the government believes this amount will appropriately reward the crewmember for the information that resulted in this prosecution and is commensurate with other prior awards. EUROBULK has agreed, pursuant to the plea agreement, not to oppose or take any position on this motion. Rec Doc. 6 at 11.

### PROCEDURAL HISTORY

The acceptance of plea and sentencing hearing for EUROBULK occurred on

[1] APPS is the domestic implementation of the International Convention on the Prevention of Pollution from Ships which is commonly referred to as "MARPOL" – shorthand for "maritime pollution."

January 29, 2025, before this honorable court. The Court accepted the plea agreement and sentenced EUROBULK to pay a fine of $562,500 for the APPS count that EUROBULK was convicted of. EUROBULK made the fine payment in full on the same date.

PORTION OF FINE AVAILABLE AS AN APPS AWARD

Section 1908(a) of APPS provides that "[a] person who knowingly violates the MARPOL Protocol, this chapter, or the regulations issued thereunder commits a class D felony. In the discretion of the Court, an amount equal to not more than ½ of such fine may be paid to the person giving information leading to conviction." Since EUROBULK was convicted of one APPS count and paid a fine of $562,500 for the APPS count, the total APPS fine amount of $281,250 is available as an award.

IMPORTANCE OF AN APPS AWARD

The APPS award provision serves a valuable law enforcement purpose by encouraging those most likely to know of illegal conduct to report it and cooperate with law enforcement. Because the discharge of oily waste typically takes place in the middle of the ocean in international waters, the only persons likely to know about the conduct and the falsification of a vessel's Oil Record Book are the crewmembers. Absent crewmembers with firsthand knowledge of the illegal conduct coming forward, APPS violations are otherwise extremely difficult to uncover. Further, a crewmember who reports illegal conduct faces potential reprisal, such as the likelihood that he will lose gainful employment and be barred—whether formally or informally—from

working in the marine shipping industry in the future or face a demotion. A substantial monetary award, as provided by APPS, both rewards crew members for taking those risks and provides an incentive for other crew members to come forward and report illegal conduct on vessels in the future.

ASSISTANCE PROVIDED BY THE WHISTLEBLOWER

Danut Vasile Visinoae reported to the U.S. Coast Guard that illegal discharges of oily bilge waste had occurred. He documented this activity with videos, audio files and photographs that he provided to the U.S. Coast Guard. The discharges circumvented the Oil Water Separator ("OWS"). The U.S. Coast Guard conducted a Port State Control inspection of the *M/V Good Heart* and discovered evidence to substantiate the allegations contained in the whistleblower report. It is important to recognize that it is risky for a whistleblower to take photographs and videos of illegal activity in an engine room. At any time, other engineering officers or crewmembers can enter the engine room and observe, unnoticed, a whistleblower taking pictures, particularly from an upper deck.

Thereafter, EUROBULK executed an Agreement on Security and posted a bond of $2,000,000. Mr. Visinoae provided further testimony to the Government about the methods used to conduct the illegal discharges, the location of the discharges and efforts made by the crew to cover up the discharges such as re-painting the piping that had to be dismantled to conduct the discharges. Based at least in part on the allegation of the whistleblower, combined with the evidence the

U.S. Coast Guard and Government gathered, EUROBULK quickly entered negotiations with the government to resolve the matter through a plea agreement. The result is EUROBULK paid a substantial fine of $1,125,000, was placed on probation for four years and is required to implement a substantial Environmental Compliance Plan. It is possible, if not likely, that absent the whistleblower providing information about the illegal discharges to the U.S. Coast Guard, the conduct may never have been discovered. But instead, the information was provided and now a fleet of foreign vessels is under supervision to help prevent the intentional discharges of oily bilge water into the ocean and polluting it.

HISTORICAL APPS AWARD PAYMENTS

There have been dozens of APPS award payments made over the years. The amounts have generally ranged from $150,000 to $500,000 and are on occasion split between two or more whistleblowers.[2] In larger cases, the award amount is generally

[2] *United States v. New Trade Ship Management S.A. et al,* 3:22-cr-01802-JO, 42 (S.D.C.A. 2022): award of $550,000 to one crewmember whistleblower, the maximum amount available; *United States v. Misuga Kaiun Co. Ltd.*, 6:20-cr-103, 29 (M.D. Fla. 2020): award of $375,000 to one crewmember whistleblower, half of the amount available. *United States v. Bernhard Schulte Shipmanagement (Singapore) Pte. Ltd.*, 1:20-cr-4, 28 (D. Haw. 2020): award of $300,000 to one crewmember whistleblower, one-third of the amount available. *United States v. Unix Line Pte. Ltd.*, No. 4:19-cr-559, 68 (N.D. Cal. 2020): award of $412,500, the maximum amount available, each to two crewmember whistleblowers. *United States v. Portline Bulk International, S.A.*, No. 19-CR-00434 (D.S.C. 2019): award of $500,000, the maximum amount available, divided between three crewmembers ($200,000, $150,000, and $150,000). *United States v. Aegean Shipping Management, S.A.*, No. 16-CR-00551 (D.S.C. 2017): award of $500,000, the maximum amount available, divided between three crewmembers ($250,000, $150,000, and $100,000). *United States v. DSD Shipping, AS*, No. 15-CR-00102 (S.D. Ala. 2016): award of $750,000, the maximum amount available, divided equally between two crewmembers. *United States v. Marine Managers Ltd.*, No. 14-CR-00118 (E.D. La. 2015): award of $200,000, the maximum amount available, divided equally between two crewmembers. *United States v. Diana Shipping Services S.A.*, No. 13-CR-00040 (E.D. Va. 2013): award of $150,000, the maximum amount available, divided equally between two crewmembers. *United States v. Giuseppe Bottiglieri Shipping Company S.P.A., et al*., No. 12-CR-00057 (S.D. Ala.

higher. The most recent whistleblower award the government is aware of for an APPS case, in this District, was in the case of *U.S. v. Clipper Shipping A.S.*, 4:23-cr-00151, Rec. Doc. 24 (SDTX 2023). In the *Clipper* case, the Court granted an award of $500,000 to a crewmember who also provided evidence to the U.S. Coast Guard, similar to what Mr. Visinoae provided.

In *U.S. v. Columbia Shipmanagement Ltd.*, 2:13-cr-193 (D.N.J. 2013), the conduct involved four vessels in three districts and the defendant company was sentenced to a fine of $10,400,000. The government sought for $1,000,000 to be paid as a whistleblower award to be split amongst nine crewmembers from different ships. The Court granted the motion and awarded each of the cooperating crewmembers $111,111. *Columbia*, 2:13-cr-193, ECF Doc. 15.

In *U.S. v. Pacific Carriers Limited*, 4:20-cr-87, 90 & 98 (E.D.N.C. 2020), the corporate defendant was convicted of several APPS counts (along with other counts) in three judicial districts and ordered to pay a fine of $12,000,000. The government moved for the payment of $1,000,000 to a single whistleblower which the court granted. *Pacific Carriers Limited*, 4:20-cr-90, Rec. Doc. 30.

---

2012): award of $500,000, the maximum amount available, split between five crewmembers in varying amounts. *United States v. Odysea Carriers, S.A., et al.*, No. 12-CR-00105 (E.D. La. 2012): award of $183,000, the maximum amount available, to one crewmember. *United States v. Target Ship Management Pte. Ltd., et al.*, No. 11-CR-00368 (S.D. Ala. 2012): award of $250,000, the maximum amount available, split between seven crewmembers in varying amounts. *United States v. Ilios Shipping Company S.A., et al.*, No. 11-CR-00286 (E.D. La. 2012): award of $350,000, the maximum amount available, to one crewmember. *United States v. Keoje Marine Co. Ltd., et al.*, No. 11-CR-01258 (D. Haw. 2012): award of $150,000, the maximum amount available, paid to one crewmember.

In *Wallenius Shipmanagement Pte. Ltd.*, 2:06-cr-00213 (D.N.J. 2006), the corporate defendant was convicted of APPS crimes related to the discharge of oily bilge water and garbage, along with obstruction of justice, within a single judicial district and ordered to pay a fine of $5,000,000 which was apportioned only to the APPS counts. *Wallenius*, 2:06-cr-213, ECF Doc. 18. The Court awarded four whistleblower crewmembers $625,000 each, for a total award amount of $2,500,000.

In *U.S. v. Princess Cruise Lines Ltd.*, 1:16-cr-20897 (S.D. Fla. 2017), the defendant corporation was prosecuted for various crimes including MARPOL/APPS and assessed a criminal penalty of $40,000,000. Of that amount, $2,000,000 was allocated to four APPS counts. There was one whistleblower in the case and he was awarded $1,000,000. *Princess*, 1:16-cr-20897, ECF Doc. 29.

The largest APPS award payment to one whistleblower was in the case of *U.S. v. OMI Corporation, et. al.*, 2:04-cr-60, (D.N.J. 2004). The defendant was convicted of APPS crimes and fined $4,200,000. The Court awarded the whistleblower $2,100,000.

**TAX WITHOLDING**

The Proposed Order directs the payment of the award to the crewmember minus any withholding tax that must be sent to the Internal Revenue Service. In recent cases where a whistleblower award was granted, the Administrative Office of the United States Courts ("AO") determined that the whistleblower award was subject to a 30% tax withholding. The Government believes that any award to the crewmember in this case may also be subject to the same 30% tax withholding. If this

Court orders an award of $281,500, the whistleblower would therefore net $197,000. In order to protect the personal financial information of the crew member, the Proposed Order includes a provision that directs the Government to provide the electronic bank routing and account information to the Clerk under separate cover so that information is not made public.

CONCLUSION AND PRAYER

The Government respectfully requests this Honorable Court exercise its discretion pursuant to APPS, grant this motion, and order an award of $281,250 to Danut Vasile Visinoae. The Government believes this amount is proper given the nature and circumstances of this case and is commensurate with other similarly situated awards.

Respectfully submitted this 10th day of February, 2025.

Respectfully submitted,

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

By: ______________________________
LIESEL ROSCHER
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 10thDay of February, 2025, a true and correct copy of Government's Unopposed Motion for Whistleblower Award has been provided by Notice of Electronic Filing to counsel for the Defendant.

By: ______________________________
LIESEL ROSCHER
Assistant United States Attorney